IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00809-MSK-MJW

FIFI MENO INGILA,

    Plaintiff,

v.

DISH NETWORK L.L.C.,

    Defendant.

## STIPULATED PROTECTIVE ORDER [Docket No. 24-1]

Upon the Parties' stipulation, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "confidential" shall be information that is confidential and/or trade secret and implicates common law and/or statutory privacy interests of current or former employees, representatives or agents of DISH Network L.L.C. ("DISH"). Designation of information as Confidential shall not affect its discoverability. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed or revealed except that such information may be disclosed or revealed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties, including designated representatives for Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Nondisclosure Agreement; and

(h) other persons by written agreement of all the Parties.

5. Prior to disclosing any Confidential Information to any person listed in paragraph 4(d), (g) or (h), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form of the attached Nondisclosure Agreement) stating that he or she has read this Protective Order and agrees to be bound by its

provisions. All such acknowledgments shall be retained by counsel, and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. In order to designate documents Confidential, an attorney must review the information, certify that based on a good faith belief the information is confidential or otherwise entitled to protection, and then place or affix on the documents (in a manner that will not interfere with their legibility) the following notice: "Confidential."

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the Party that designated it Confidential, or the Parties may elect to destroy Confidential documents. Where the Parties agree to destroy Confidential documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

9. When filing any document under ~~seal~~ Restricted Access, the Parties ~~will~~ shall file a Motion to ~~Seal~~ Restrict Access the document and comply with the procedures set forth in D.C.COLO.LCivR 7.2.

*MJW 9-3-13*

ORDERED this 3rd day of ~~August~~ September, 2013.

BY THE COURT:

/s/ Michael J. Watanabe

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

STIPULATED TO AND APPROVED AS TO FORM this 29th day of August, 2013.

APPROVED:

s/ Joseph P. Stengel, Jr.
Joseph P. Stengel, Jr. Esq.
BENSON & CASE, LLP
1660 South Albion Street, Suite 1100
Denver, Colorado 80222
Phone: 303.757.8300
stengel@bensoncase.com
*Counsel for Plaintiff*


s/ Meghan W. Martinez
Meghan W. Martinez
Elizabeth Imhoff Mabey
MARTINEZ LAW GROUP, P.C.
720 S. Colorado Boulevard
South Tower, Suite 530
Denver, Colorado 80246
Phone: 303.597.4000
martinez@mlgrouppc.com
mabey@mlgrouppc.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00809-MSK-MJW

FIFI MENO INGILA,

    Plaintiff,

v.

DISH NETWORK L.L.C.,

    Defendant.

---

**NON-DISCLOSURE AGREEMENT**

---

STATE OF _____ )
                               ) ss.
COUNTY OF _____ )

    1.    My name is _____.  My business affiliation is _____, and my title, if any, is _____.

    2.    I reside at _____, and my home telephone number is (\_\_\_)_____-_____.  My business address and telephone number are _____, (\_\_\_)\_\_\_\_\_-_____.

    3.    I am aware that a Protective Order has been entered in *Fifi Meno Ingila v. DISH Network L.L.C.*, Case No. 13-cv-00809-MSK-MJW, now pending in the United States District Court for the District of Colorado.  A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

    4.    I promise that any document marked "Confidential" or marked as containing Confidential Information will be used by me only in connection with assisting the Parties or their counsel in preparing for the resolution of the above-referenced litigation.

    5.    I promise that I will not disclose or discuss such Confidential documents or Confidential Information with any person other than the Parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any Party.

6. I understand that any use of Confidential Information obtained by me that is subject to the Protective Order or any portions or summaries thereof in any manner contrary to the provisions of the Protective Order or this Nondisclosure Agreement may subject me to the summary sanctions of the Court for contempt.

_____        By: _____
DATE                                Title (if applicable): _____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2011, by_____.

[SEAL]

_____
Notary Public

My Commission Expires: _____