IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00809-MSK-MJW

FIFI MENO INGILA,

Plaintiff,

v.

DISH NETWORK CORPORATION, a Nevada corporation,

Defendant.

**ORDER GRANTING AND PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE: PLAINTIFF'S NOTICE OF
DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)
(DOCKET NO. 50)**

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Defendant's Motion for Protective Order Re: Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (docket no. 50). The court has reviewed the subject motion (docket no. 50) and the response (docket no. 52). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant seeks a protective order from this court preventing Plaintiff from questioning the Rule 30(b)(6) deponent as to Topics listed in Plaintiff's Rule 30(b)(6) Notice attached to the subject motion (docket no. 50). See Schedule A Subject of Deposition [Topics] (docket no. 50-1);

5. That this case involves a cause of action for alleged racial discrimination pursuant to 42 U.S.C. § 1981. See docket no. 11 at 3-4. In essence, Plaintiff, who is African-American, was dismissed from her employment as a customer service agent at Defendant in July 2011;

6. That the decision to issue a protective order rests within the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. Tolbert–Smith v.. Bodman, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking

3

protection.  Id.; see also Exum v. United States Olympic Comm., 209 F.R.D. 201, 206 (D. Colo. 2002);

7. That Defendant has outlined, in particularity, objections to each of the Topics;

8. That as to Topic #1, I find that Topic #1 is overly broad, unduly burdensome and not stated with reasonable particularity and therefore Defendant is not required to respond to Topic #1;

9. That as to Topic #2, I find that Topic #2 is overly broad, unduly burdensome and not stated with reasonable particularity and therefore Defendant is not required to respond to Topic #2;

10. That as to Topic #3, I find that Defendant's objections that the area of inquiry is compound and containing multiple subparts, overly broad, unduly burdensome, vague, not stated with reasonable particularity, and requesting information protected from disclosure by the attorney-client privilege and work product are overruled. However, if during the Rule 30(b)(6) deposition a question is asked of the Rule 30(b)(6) deponent that Defendant believes in "good faith" will infringe upon the attorney-client privilege or work product, then Defendant may make such objection on the record before the court reporter, and the deponent will not be required to answer such question at that time.  However, Defendant may be required to answer such question at a later date after further review by this court;

4

11. That as to Topic #4, I find that Topic #4 is overly broad, vague and not stated with reasonable particularity and therefore Defendant is not required to respond to Topic #4;

12. That as to Topic #5, I find Defendant's objections that the area of inquiry is compound and containing multiple subparts, overly broad, unduly burdensome, vague, not stated with reasonable particularity, and requesting information protected from disclosure by the attorney-client privilege and work product are overruled. However, if during the Rule 30(b)(6) deposition a question is asked of the Rule 30(b)(6) deponent that Defendant believes in "good faith" will infringe upon the attorney-client privilege or work product, then Defendant may make such objection on the record before the court reporter, and the deponent will not be required to answer such question at that time.  However, Defendant may be required to answer such question at a later date after further review by this court;

13. That as to Topic #6, I find that Topic #6 is overly broad, unduly burdensome and not stated with reasonable particularity and therefore Defendant is not required to respond to Topic #6;

14. That as to Topic #7, I find Defendant's objections to the area of inquiry as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and not stated with reasonable particularity are overruled;

15. That as to Topic #8, I find that Topic #8 is overly broad, unduly burdensome and not reasonably calculated to led to the discovery of admissible evidence and therefore Defendant is not required to respond to Topic #8;

16. That as to Topics #9 and #10, I find that Topics #9 and #10 are both overly broad, unduly burdensome and not stated with reasonable particularity and therefore Defendant is not required to respond to Topics #9 and #10;

17. That as to Topic #11, I find that Defendant's objections that this area is inquiry is vague, not stated with reasonable particularity, overly broad, compound and containing multiple subparts are overruled;

18. That as to Topic #12, I find that Defendant's objections that this area of inquiry is compound, containing multiple subparts, overly broad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and not stated with reasonable particularity are overruled;

19. That as to Topic #13, I find that there are no issues concerning ESI in this case and therefore such inquiry as outlined in Topic #13 is irrelevant and therefore Defendant is not required to respond to Topic #13;

20. That as to Topic #14, I find Defendant's objections that this area of inquiry is compound and containing multiple subparts, overly broad,

unduly burdensome, vague, not stated with reasonable particularity, and requesting information protected from disclosure by the attorney-client privilege and work product are overruled. However, if during the Rule 30(b)(6) deposition a question is asked of the Rule 30(b)(6) deponent that Defendant believes in "good faith" will infringe upon the attorney-client privilege or work product, then Defendant may make such objection on the record before the court reporter, and the deponent will not be required to answer such question at that time.  However, Defendant may be required to answer such question at a later date after further review by this court;

21. That as to Topic #15, I find the requested information in Topic #15 is irrelevant therefore Defendant is not required to respond to Topic #15.  Plaintiff's Title VII and ADA claims that she exhausted through the EEOC have all been dismissed from the operative complaint (docket no. 11) because they were untimely. Therefore Defendant's representations at the EEOC are not relevant to the one claim at issue in this action;

22. That as to Topic #16, I find that Defendant's objections as to this area of inquiry is vague and not reasonably calculated to lead to the discovery of admissible evidence are overruled;

23. That as to Topic #17, I find that Defendant's objections as to this area of inquiry that the requested information may be protected by

7

the attorney-client privilege and work product is a valid basis to object to such inquiry depending upon how the question is phrased. Accordingly, I will allow Plaintiff to seek such information as outlined in Topic #17. However, if during the Rule 30(b)(6) deposition a question is asked of the Rule 30(b)(6) deponent that Defendant believes in "good faith" will infringe upon the attorney-client privilege or work product, then Defendant may make such objection on the record before the court reporter, and the deponent will not be required to answer such question at that time. However, Defendant may be required to answer such question at a later date after further review by this court; and

24. That the Federal Rules of Civil Procedure allow a request for production of documents to be served with a deposition notice. See Fed. R. Civ. P. 30(b)(2). I find that Defendant's argument that Plaintiff's document request as outlined in Schedule B (docket no. 50-2) is an attempt "to circumvent the rules of discovery" and is "improper, untimely, and facially overly board and burdensome." docket no. 50 at 12 is overruled. However, production of such documents are limited in scope as outlined below in the ORDER.

**ORDER**

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. Defendant's Motion for Protective Order Re: Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (docket no. 50) is GRANTED IN PART AND DENIED IN PART as follows:

    a. That the subject motion (docket no. 50) is GRANTED, finding Defendant has shown good cause, as to Topics 1, 2, 4, 6, 8, 9, 10, 13, and 15, and therefore Plaintiff may not inquiry into these topics during the Rule 30(b)(6) deposition;

    b. That the subject motion (docket no. 5) is DENIED as to Topics 3, 5, 7, 11, 12, 14, 16 and 17. However, if during the Rule 30(b)(6) deposition a question is asked of the Rule 30(b)(6) deponent that Defendant believes in "good faith" will infringe upon the attorney-client privilege or work product, then Defendant may make such objection on the record before the court reporter, and the deponent will not be required to answer such question at that time. However, Defendant may be required to answer such question at a later date after further review by this court;

2. That Defendant produce at the Rule 30(b)(6) deposition those documents are outlined in the Schedule B (docket no. 50-2) as to Topics 3, 5, 7, 11, 12, 14, 16 and 17 only; and

9

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 11th day of April 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE